```
                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA,       )
                                )
         Plaintiff,             )       CAUSE NO. 4:21CR66
                                )
            VS.                 )
                                )
MELVIN HILSON,                  )
                                )
         Defendant.             )
_____


         CHANGE OF PLEA AS TO COUNT 1 OF THE INDICTMENT
   BEFORE UNITED STATES SENIOR DISTRICT JUDGE MICHAEL P. MILLS
                THURSDAY, MAY 26, 2022; 1:30 P.M.
                       OXFORD, MISSISSIPPI

FOR THE GOVERNMENT:

     U.S. Department of Justice - Civil Rights Division
     CAMERON ALYSE BELL, ESQ.
     DOJ-Crt
     950 Pennsylvania Avenue
     Washington, DC 20530

     United States Attorney's Office
     KIMBERLY HAMPTON, ESQ.
     900 Jefferson Avenue
     Oxford, MS 38655-3608

FOR THE DEFENDANT:

     Simmons & Simmons, PLLC
     DERRICK T. SIMMONS, ESQ.
     Post Office Box 1854
     Greenville, MS 38702

Proceedings recorded by official stenographic court reporter.
Transcript produced with computer-aided transcription.
_____

                RITA DAVIS, FCRR, RPR, CSR #1626
                  FEDERAL OFFICIAL COURT REPORTER
                911 JACKSON AVENUE EAST, SUITE 369
                     OXFORD, MISSISSIPPI  38655
```

1     (CALL TO ORDER OF THE COURT)

2         THE COURT:  Mrs. Wilkerson, would you call the

3  docket.

4         THE COURTROOM DEPUTY:  Court calls Cause No.

5  4:21CR66, United States of America v. Melvin Hilson.  This is a

6  change of plea as to Count 1 of the indictment.

7         THE COURT:  All right.

8     Who do we have from the Government?

9         MS. HAMPTON:  Kimberly Hampton, Your Honor.

10        MS. BELL:  And Cameron Bell from the U.S. Department

11 of Justice.

12        THE COURT:  Glad to have you.

13    And for the defense?

14        MR. SIMMONS:  Derrick Simmons, Your Honor.

15        THE COURT:  And do you have your client with you?

16        MR. SIMMONS:  I do.

17        THE COURT:  All right.

18    And do we have anyone from probation?

19        MR. EVERILL:  Lonnie Everill with U.S. Probation,

20 Your Honor.

21        THE COURT:  All right.

22    And Chamber's staff?

23        MR. FUNDERBURK:  Cannon Funderburk, Your Honor.

24        THE COURT:  And also from Chamber's staff?

25        MR. EAVES:  Sterling Eaves, Your Honor.

1            MR. SIMPSON:  Thomas Simpson, Your Honor.

2            THE COURT:  Glad to have you.

3       This is a change of plea.

4       Do we need to administer the oath?

5            THE COURTROOM DEPUTY:  Yes, sir.

6            THE COURT:  I'd ask the defendant to stand.

7       (OATH ADMINISTERED BY THE COURTROOM DEPUTY)

8            THE COURT:  All right.  Is this Mr. Melvin Hilson?

9            THE DEFENDANT:  Yes, sir.

10            THE COURT:  Do we need to come forward?  If you'll

11 come forward.  Is that how we do it?  It's been a while since

12 we've done one of these.  Come on forward, Mr. Hilson.

13       (Parties complying)

14            THE COURT:  All right.  Do you understand that you're

15 under oath; and, if you answer any of my questions falsely,

16 your answers may later be used against you in another

17 prosecution for perjury or making false statements?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  And I am told that you wish to enter a

20 plea of guilty to Count 1 of the indictment; is that correct?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  Before taking your plea, there are a

23 number of questions that I must ask you.  If at any time you

24 don't understand a question or you wish to consult with your

25 attorney, you let me know.  Okay?

1        THE DEFENDANT: Yes, sir.

2        THE COURT: What is your full name?

3        THE DEFENDANT: Melvin Hilson.

4        THE COURT: How old are you?

5        THE DEFENDANT: Forty-nine.

6        THE COURT: How far did you go in school?

7        THE DEFENDANT: Some college.

8        THE COURT: Okay. Where did you go to college?

9        THE DEFENDANT: Coahoma Community College, sir.

10       THE COURT: Have you been treated recently for any

11 mental illness?

12       THE DEFENDANT: I'm currently seeing a psychiatrist

13 through the VA.

14       THE COURT: And what's that for?

15       THE DEFENDANT: For some mental health. Basically, I

16 was -- be having -- been having nightmares and stuff like that

17 since 2004 or whatever.

18       THE COURT: Does it affect your ability to understand

19 what you're doing here today?

20       THE DEFENDANT: No, sir.

21       THE COURT: Are you under the influence of any drugs?

22       THE DEFENDANT: Not -- only prescribed medication.

23       THE COURT: What about narcotics?

24       THE DEFENDANT: No, sir.

25       THE COURT: You're not addicted to any drugs?

1             THE DEFENDANT:  No, sir.

2             THE COURT:  Are you under the influence of any

3  alcohol?

4             THE DEFENDANT:  No, sir.

5             THE COURT:  Okay.  You think you understand what

6  you're doing?

7             THE DEFENDANT:  Yes, sir.

8             THE COURT:  Okay.

9     Mr. Simmons, you've talked to your client today and

10 earlier, I presume.  Do you have any questions about his

11 competency to enter a plea at this time?

12            MR. SIMMONS:  Not at all, Your Honor.

13            THE COURT:  Does the Government have any question as

14 to Mr. Hilson's competency to enter a plea at this time?

15            MS. BELL:  No, Your Honor.

16            THE COURT:  Well, I find that Mr. Hilson is competent

17 to enter a plea.  Have you received a copy of the indictment

18 pending against you in this case?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Have you received -- have you discussed

21 those charges and your case in general with Mr. Simmons as your

22 attorney?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Are you fully satisfied with the counsel,

25 representation, and advice given to you in this case by your

1  attorney?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Has anyone attempted in any way to force

4  you to plead guilty?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Are you pleading guilty of your own free

7  will because you are guilty?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that you have the right

10 to plead not guilty and to persist in that plea?

11         THE DEFENDANT:  Yes, sir, I understand.

12         THE COURT:  Do you understand that under the

13 Constitution and laws of the United States you're entitled to a

14 trial by jury?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Do you understand that at trial you would

17 be presumed innocent, and the Government would be required to

18 prove you guilty beyond a reasonable doubt; and you would not

19 be required to prove your innocence?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Do you further understand that in the

22 course of the trial witnesses for the Government would have to

23 come into court and testify in your presence; your attorney

24 could cross-examine the witnesses for the Government; and he

25 could also call other witnesses to testify on your behalf?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Are you aware that if you wished to
3   testify yourself in your own defense you would have that right
4   to do so, but if you chose not to testify no inference or
5   suggestion of guilt would be drawn by you so choosing?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If you plead guilty here today and if I
8   accept your plea, do you understand that you're going to waive
9   your right to trial and the other rights I just discussed with
10  you?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  What is he charged with in Count 1 -- is
13  it Ms. Bell?

14         MS. BELL:  It is, Your Honor.  In Count 1, the
15  defendant, Melvin Hilson, is charged with, on or about
16  August 3rd, 2016, in Sunflower County, Mississippi, within the
17  Northern District of Mississippi, the defendant, Melvin Hilson,
18  while acting under color of law, willfully deprived J.T. of the
19  rights secured and protected by the Constitution and laws of
20  the United States to be free from cruel and unusual punishment.
21     Specifically, Melvin Hilson assaulted J.T. by repeatedly
22  striking him and, at times, striking and knocking J.T. to the
23  ground and then pulling him up only to strike him and knock him
24  to the ground again.  This offense resulted in bodily injury to
25  J.T. in violation of Title 18, United States Code, 242.

1        THE COURT: Do you understand that that's what you're

2 charged with?

3        THE DEFENDANT: Yes, sir.

4        THE COURT: What are the elements of this charge?

5        MS. BELL: Your Honor, to establish the offense

6 charged in Count 1 of the indictment, the Government must prove

7 beyond a reasonable doubt by competent evidence, first, that

8 the defendant acted under color of law.

9   Second, that the defendant deprived the person, J.T., of a

10 right secured by the Constitution or laws of the United States

11 by committing one or more of the acts charged in Count 1 of the

12 indictment. Third, the defendant acted willfully. And,

13 fourth, that bodily injury resulted from the defendant's

14 conduct.

15        THE COURT: All right.

16   Do you have any questions about this charge?

17        THE DEFENDANT: No, sir.

18        THE COURT: What are the maximum penalties that he

19 could be sentenced to?

20        MS. BELL: Under 18 U.S.C. 242, the maximum penalty

21 is 10 years' imprisonment, a $250,000 fine or both; and then

22 not more than 3 years of supervised release; and the $100

23 mandatory special assessment.

24        THE COURT: All right.

25   Do you understand these penalties?

1         THE WITNESS:  Yes, sir.

2         THE COURT:  Has there been a plea agreement entered
3  into?

4         MS. BELL:  Yes, Your Honor.

5         THE COURT:  Would you state into the record the
6  substance of the plea agreement, please?

7         MS. BELL:  Yes.  So the defendant has agreed to plead
8  guilty to Count 1 of the indictment, which we just read for the
9  Court.  And, as part of that plea, the United States will not
10 charge the defendant with any other offenses arising out of the
11 conduct or related to the above charge and will dismiss
12 Counts 2 and 3 of the indictment upon conclusion of sentencing.
13    The parties have agreed as to the -- the provisions of the
14 United States Sentencing Guidelines that apply with the
15 knowledge that the Court may impose a different sentence.

16        THE COURT:  Well, I appreciate that.  What about the
17 two-level enhancement?

18        MS. BELL:  Which two-level enhancement, Your Honor?

19        THE COURT:  Well, the one that says the offense level
20 should be increased by two levels for his obstructive conduct.
21 Isn't that part of the plea agreement?

22        MS. BELL:  Yes.  The parties have agreed that that
23 two-level enhancement should apply.

24        THE COURT:  All right.  And he also waives all
25 appeals and collateral attacks.  Is that correct?

1      MS. BELL: That is correct, Your Honor.

2      THE COURT: Okay.

3      Mr. Hilson, you heard the prosecutor state her

4 understanding of the agreement that you entered into with the

5 Government. Did she accurately state it as you understand it

6 to be?

7      THE DEFENDANT: Yes.

8      THE COURT: And is that your understanding,

9 Mr. Simmons?

10     MR. SIMMONS: It is, Your Honor.

11     THE COURT: All right.

12     Mr. Hilson, do you understand that the offense to which

13 you're pleading guilty is a felony; and, if your plea is

14 accepted, you will be adjudged guilty and such adjudication may

15 deprive you of valuable civil rights, such as the right to

16 vote, the right to hold public office, the right to serve on a

17 jury, and the right to possess any kind of firearm? You

18 understand that?

19     THE DEFENDANT: Yes, sir.

20     THE COURT: And did we enter the -- the plea

21 agreement into the --

22     THE COURTROOM DEPUTY: I have it.

23     THE COURT: You have it? Okay.

24     The U.S. Sentencing Commission has issued guidelines for

25 judges to follow in determining the sentence in a criminal

1  case.  These guidelines are advisory.  Have you and your

2  attorney talked about how the sentencing guidelines might apply

3  to your case?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And you do understand that the Court will

6  not be able to determine the guideline sentence until after the

7  Presentence Report has been completed, and you and the

8  Government have had an opportunity to challenge the reported

9  facts; and the application of the guidelines recommended by the

10 probation officer and the sentence imposed may be different

11 from any estimate your attorney may have given you?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Do you understand that after your

14 guideline range has been determined the Court has the authority

15 to depart from the guidelines and impose a sentence that is

16 more severe or less severe than the sentence called for by the

17 guidelines?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand that parole has been

20 abolished; and, if you're sentenced to prison, you will not be

21 released on parole?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Do you understand that, other than this

24 agreement -- I think you've waived the agreement, but there are

25 some circumstances where you may have the right to appeal the

1  sentence that I impose.

2        And what are those circumstances -- is it Ms. Bell?

3            MS. BELL:  Yes.  The -- Paragraph 5 of the plea

4  agreement lists prosecutorial misconduct and ineffective

5  assistance of counsel as exceptions to all other waivers.

6            THE COURT:  All right.

7       Do you understand that?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Okay.

10      What is the Government's evidence against Mr. Hilson?

11           MS. BELL:  Your Honor, if the United States were to

12 proceed to trial in this matter, the Government would prove

13 beyond a reasonable doubt that from 2000 to 2016 the defendant,

14 Melvin Hilson, was employed as a corrections officer at the

15 Mississippi State Penitentiary, also known as MSP, in Parchman,

16 Mississippi, which is in Sunflower County and within the

17 Northern Judicial District of Mississippi.

18      During some time -- during some of the time when Melvin

19 Hilson was employed at MSP, including on August 3rd, 2016, he

20 was a member of the K-9 Unit, which was tasked with conducting

21 shakedowns and conducting contraband searches of inmates

22 throughout the prison.

23      On or about August 3rd, 2017, Melvin Hilson assaulted

24 J.T., an inmate at MSP, when J.T. was in the holding tank,

25 which is a caged waiting area inside the medical unit, while

1  J.T. was awaiting medical treatment.  The defendant assaulted
2  J.T. by striking him with a closed fist several times.  During
3  the assault, the defendant knocked J.T. to the ground, picked
4  him up, and then struck him and knocked him to the ground
5  again.  During that assault, J.T. did not attempt to fight back
6  or defend himself from Defendant Hilson's blows.
7       The United States would further prove beyond a reasonable
8  doubt that at the time Hilson assaulted J.T. he knew -- he, the
9  defendant, Hilson, knew that there was no legitimate
10 penological reason to do so.
11      In other words, Hilson assaulted -- I'm sorry -- Hilson
12 assaulted J.T. when he knew that J.T. was not posing a threat
13 to himself, Defendant Hilson, or anyone else, and even though
14 Defendant Hilson knew that MSP's rules, policies, and practices
15 prohibited him from using any force against J.T. under the
16 circumstances.
17      As a result of this assault, J.T. suffered bodily
18 injuries, including a ruptured eardrum, pain to his ear and
19 neck, and prolonged headaches.
20      The United States would further prove beyond a reasonable
21 doubt that after the assault Hilson wrote a Rule Violation
22 Report and an Incident Report which both falsely stated that
23 J.T. had been searched and found to have contraband.
24      Specifically, the Rule Violation Report stated that Hilson
25 found J.T. to be in possession of a cellphone and phone charger

1  and indicated there was no weapon involved.  The Incident
2  Report, on the other hand, stated that Hilson found J.T. to be
3  in possession of a cellphone and phone charger, as well as a
4  shank; and a photo of all three of those items were submitted
5  with the Incident Report.
6       In fact, the United States would prove beyond a reasonable
7  doubt that Hilson did not conduct a pat search of J.T. at any
8  point while both men were in the holding tank before, during,
9  or after the assault; and Defendant Hilson did not find any of
10 those items on J.T. or in his possession.
11      Hilson was then interviewed by the Mississippi Department
12 of Corrections Criminal Investigation Division on August 9th,
13 2016.  And, during that interview, investigators asked Hilson
14 what had happened in the medical unit on or about August 3rd,
15 2016.  Defendant Hilson told investigators that he found an
16 inmate with contraband, specifically a cellphone, shank, and a
17 charger.  During that interview, he also denied having
18 assaulted any inmate.
19      But, at the time of that interview, Hilson in fact knew
20 that he had not found J.T. or any other inmate in the medical
21 unit with contraband.  And, at the time of the interview,
22 Hilson knew that he had assaulted J.T. in the medical unit.
23           THE COURT:  All right.
24      Mr. Hilson, you heard the prosecutor state the evidence
25 she had to present against you on this particular charge.  Did

1  you do what she said you did?

2         THE DEFENDANT:  (No audible response).

3         MR. SIMMONS:  Your Honor, there's just one exception;

4  and I really apologize to the Government.  But, in Paragraph 3

5  where it says it was a "closed fist," he just said it was an

6  open hand.  Even the Government witnesses say he did actually

7  strike him with an open hand.  He just basically wants to make

8  just that one clarification, that it was with an open hand.

9         THE COURT:  What paragraph is that, Mr. Simmons?

10        MR. SIMMONS:  Paragraph 3, at the bottom of page 1,

11 second from the bottom sentence.  And I know --

12        THE COURT:  Where it says "striking him with closed

13 fist"?

14        MR. SIMMONS:  Yes.

15        THE COURT:  And you're saying it's open hand?

16        MR. SIMMONS:  Yes.  He just -- actually just said to

17 me he just wants to make it clear that it was with an open

18 hand.  He completely agrees with everything else regarding the

19 factual basis that the Government has presented.  He's not

20 denying assaulting J.T. or doing any of the other things the

21 Government said.  He just wanted to make it clear that it was

22 not a closed fist.

23        MS. BELL:  May I have just a moment to confer?

24        THE COURT:  Uh-huh.

25    (Off-the-record discussion)

```
 1            MS. BELL:  Your Honor, the Government can agree to
 2   make that change to the factual basis.
 3            THE COURT:  Okay.  All right.  Well, let the record
 4   reflect that that change will be made.  Otherwise, and based on
 5   the comments by your attorney and the Government, Mr. Hilson,
 6   did you do what she said you did?
 7            THE DEFENDANT:  Yes.
 8            THE COURT:  Well, I find that there is a factual
 9   basis for you to plead guilty to this charge.  Do you plead
10   guilty or not guilty to Count 1 of the indictment?
11            THE DEFENDANT:  Guilty.
12            THE COURT:  It is the finding of the Court, in the
13   case of the United States of America v. Melvin Hilson, that the
14   defendant is fully competent and capable of entering an
15   informed plea; that the defendant is aware of the nature of the
16   charges and the consequences; and the plea of guilty is a
17   knowing and voluntary plea supported by an independent basis in
18   fact containing each of the essential elements of the offense.
19        Your plea is therefore accepted, and you are now adjudged
20   guilty of that offense.  Your sentencing will be September
21   the 1st, 2022.
22        Is there any problem with him remaining out on the same
23   bond?
24            MS. BELL:  No, Your Honor.
25            THE COURT:  Okay.
```

```
 1      Lonnie?
 2           MR. EVERILL:  No, Your Honor.  He's not under the
 3 supervision of pretrial services, so.
 4           THE COURT:  Okay.
 5      All right.  Well, we'll let you remain out under the same
 6 bond.
 7      Is there anything further to take up at this time?
 8           MS. BELL:  No, Your Honor.
 9           THE COURT:  You have anything?
10           MR. SIMMONS:  No, Your Honor.
11           THE COURT:  All right.  The Court will be in recess.
12                (THE HEARING ENDED AT 1:49 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4           I, Rita Davis, Federal Official Realtime Court

 5   Reporter, in and for the United States District Court for the

 6   Northern District of Mississippi, do hereby certify that

 7   pursuant to Section 753, Title 28, United States Code that the

 8   foregoing is a true and correct transcript of the

 9   stenographically reported proceedings held in the

10   above-entitled matter; and that the transcript page format is

11   in conformance with the regulations of the Judicial Conference

12   of the United States.

13

14

15                    Dated this 26th day of July, 2022.

16

17

18

19                    /s/ Rita Davis_____
                      RITA DAVIS, FCRR, RPR, CSR #1626
20                    Federal Official Court Reporter

21

22

23

24

25
```